FILED
JEANNE A. NAUGHTON, CLERK
JAN 11 2023
U.S. BANKRUPTCY COURT
TRENTON, NJ
BY_____ DEPUTY

Dear Clerk,

Please Special Deposit This Certified Copy of my recorded trust into my case 22-17381/MBK Please.

Thank you,
Michael-Patrick:Siand

## MICHAEL PATRICK SIANO
### Revocable Living Trust

I, MICHAEL PATRICK SIANO, presently of Lanoka Harbor, New Jersey, (the "Grantor") declare and make this revocable living trust (the "Living Trust"). This Living Trust will be known as: **MICHAEL PATRICK SIANO** Revocable Living Trust.

BACKGROUND:

A. The Grantor presently owns property (the "Property") as described in Schedule A.

B. The Grantor wishes to ensure that this Property and any income derived from this Property is managed and eventually distributed according to the following terms.

### Trust Purpose

1. This Living Trust is created for the benefit of the Beneficiaries to ensure they are well provided for after the death of the Grantor, however during the lifetime of the Grantor, the interests of the Grantor will be considered primary and superior to the interests of the Beneficiaries. With this purpose, the primary asset management goal for this Living Trust will be the protection of the value of the Property. The secondary asset management goal for this Living Trust is to generate income and growth at a reasonable risk.

### Trustee

2. During their lifetime, and unless and until both become incapacitated, the primary trustee (the "Primary Trustee") of this Living Trust shall be, Siano, Michael Patrick of Lanoka Harbor, New Jersey, and DeBenedetto, Courtney of Lanoka Harbor. If a Primary Trustee dies or becomes incapacitated, the other Primary Trustee will continue as the sole Primary Trustee of this Living Trust.

3. In the event that both Primary Trustees are either dead or incapacitated, then Siano, Lucas Patsy (the "Successor Trustee") will serve as the acting Trustee of this Living Trust.

### Beneficiaries

4. Upon the death of the Grantor, the following individual(s) will comprise the beneficiaries (the "Beneficiaries") of this Living Trust: a. the residuary beneficiary, All offspring created through the Body of Siano, Michael Patrick of Lanoka Harbor, New Jersey; and b. any heir or issue of those beneficiaries that is entitled to a benefit under this Living Trust in the place of any then deceased beneficiary.

### Assign and Convey Property to Living Trust

5. MICHAEL PATRICK SIANO, as Grantor, has or will assign, convey and deliver all of the rights, title and interest in the Property as described in Schedule A of this document as a gift and without consideration, to be held by this Living Trust.

### Amendment During Grantor's Lifetime

6. At any time during the lifetime of the Grantor and while the Grantor is not incapacitated, the Grantor may, subject to the other provisions of this section, alter or amend this Living Trust on delivery to the acting Trustee of a written instrument signed by the Grantor. Amendments may include, but are not limited to, the following:

```
* E RECORDING *  Page 1 of 10
SEQUENCE:        20223460444
No. Pages:       10
12/12/2022       4:17 PM

GABRIELLA CÁZARES-KELLY, RECORDER
Recorded By: KS(e-recording)
```

cover page added for stamp

a. The Grantor may change the number and identity of the Grantors, the Trustees, the Successor Trustees or the Beneficiaries.
b. The Grantor may add or withdraw property from this Living Trust.
7. This Living Trust may not be amended after the death of the Grantor.

### Revocation During Grantor's Lifetime
8. At any time during the lifetime of the Grantor and while the Grantor is not incapacitated, the Grantor may, subject to the other provisions of this section, revoke this Living Trust in its entirety on delivery to the acting Trustee of a written instrument signed by the Grantor. In the event of such revocation, the remaining Property will revert to the Grantor after all the debts and expenses attributable to the Living Trust have been paid.
9. This Living Trust may not be revoked after the death of the Grantor.

### Distributions During the Lifetime of the Grantor
10. During the lifetime of the Grantor and while the Grantor is not incapacitated, the acting Trustee will distribute as much of the income and principal of the Living Trust to the Grantor as the Grantor may request. While the Grantor is incapacitated and no longer able to manage or continue to manage their own affairs, then the acting Trustee may withhold or make payments out of the resources of this Living Trust of any amount that the acting Trustee in their sole judgment deem appropriate for the maintenance, comfort and welfare of the Grantor.

### Distributions Upon Death of the Grantor
11. Upon the death of the Grantor, and after resolving all applicable legal debts and obligations of the Grantor, the acting Trustee will expeditiously act to distribute the remaining Property as directed in this section.
12. After resolving all applicable legal debts and obligations of the Grantor, the acting Trustee will distribute the remaining property in this Living Trust in EQUAL shares (individually the "Share" and collectively the "Shares") to the following Beneficiaries:
a. DeBenedetto, Courtney of Lanoka Harbor, New Jersey;
b. All offspring created through the Body of Siano, Michael Patrick of Lanoka Harbor, New Jersey to include Tramantano, Olivia Ann of Lanoka Harbor, New Jersey;
13. Where a Beneficiary is under the age of 21 years at the time of the Final Distribution, and that Beneficiary is not an Adult Dependent Beneficiary, the acting Trustee will then act as trustee(s) by holding that Share in a separate trust for that Beneficiary under the same terms and conditions as outlined in this Living Trust, and will keep that Share invested, pay the income or capital or as much of either or both as the then acting trustee(s), in their sole discretion, consider advisable for the maintenance, education, advancement or benefit of that Beneficiary until that Beneficiary reaches the age of 21 years whereupon the then acting trustee(s) will pay or transfer the rest and residue of that Share to that Beneficiary.
14. Where a Beneficiary is an Adult Dependent Beneficiary at the time of the Final Distribution, the acting Trustee may, at their sole discretion: a. Continue to act as trustee(s) by holding the Share of any Adult Dependent Beneficiary in a separate trust, subject to the same terms and conditions contained in this Living Trust, and to keep that Share invested, and pay the income or capital or as much of either or both as the then acting trustee(s) consider advisable for the maintenance, education, advancement or benefit of that Adult Dependent Beneficiary; or

b. Pay or transfer all capital, assets and property of that Share or the amount remaining of that Share of that Adult Dependent Beneficiary to any parent, custodian or guardian of that Adult Dependent Beneficiary subject to the same terms and conditions contained in this Living Trust and the receipt by that parent, custodian or guardian will discharge all duties and obligations of the acting Trustee.

15. If any of the named Beneficiaries do not survive the Grantor by at least thirty (30) days but do leave an heir or issue who survives the Grantor by at least thirty (30) days, then the Specific Gift or the Share designated for that Beneficiary, of whatever kind and character, and wherever located, will be distributed per stirpes among those surviving heirs or issue. Where those surviving heirs or issue are not of the age of majority, the acting Trustee may pay or transfer all capital, assets and property attributable to those minor heirs or issue of that Beneficiary to any parent, custodian or guardian of those minor heirs or issue, subject to the same terms and conditions contained in this Living Trust, and the receipt by that parent, custodian or guardian will discharge all duties and obligations of the acting Trustee.

16. If any of the residual Beneficiaries do not survive the Grantor by at least thirty (30) days and do not leave an heir or issue who survives the Grantor, then the Share designated for that Beneficiary, will revert to the residue of this Living Trust.

17. If all of the successor Beneficiaries do not survive the Grantor by at least thirty (30) days and do not leave an heir or issue who survives the Grantor by at least thirty (30) days, then all of the remaining property in this Living Trust, of whatever kind and character, and wherever located, will revert to the estate of the Grantor.

18. If any of the real property to be distributed in this Living Trust remains subject to a mortgage at the time of the Final Distribution, then the Beneficiary taking that mortgaged property will take that property subject to that mortgage and the Beneficiary will not be entitled to have the mortgage paid out or resolved from the remaining assets or residue of this Living Trust.

19. If any of the personal property to be distributed in this Living Trust is subject to any encumbrances or liens at the time of the Final Distribution, then the Beneficiary taking that property will take that property subject to those encumbrances or liens and the Beneficiary will not be entitled to have any encumbrance or lien paid out or resolved from the remaining assets or residue of this Living Trust.

**Trustee Bond**

20. Subject to the laws of the Universe and any other applicable jurisdiction, no bond or security of any kind will be required of any Trustee appointed in this Living Trust agreement.

**Trustee Liability**

21. The Trustee will not be liable to this Living Trust, the Grantor or to the Beneficiaries for any action or failure to act resulting in loss or harm to this Living Trust, the Grantor or to the Beneficiaries except in the case of gross negligence, willful misconduct, or reckless indifference to the purposes of the trust or the interests of the Beneficiaries. A Trustee will only be responsible for his or her own acts and no Trustee will be liable for any act or actions occurring in the periods before or after the tenure of that Trustee. Any outstanding liabilities of a dead, resigning or removed Trustee are not discharged or affected by the Trustee's death, resignation or removal.

**Trustee Death or Resignation**

22. A Trustee may resign at any time for any reason upon at least 30 days' notice to the Grantor, if the Grantor is still alive, to any remaining Trustee, if there are any, and to the Qualified Beneficiaries. If a Trustee dies, that Trustee will cease to be a Trustee as of the date of their death.

### Trustee Removal

23. During the lifetime of the Grantor, and unless and until the Grantor becomes incapacitated, the Grantor may remove a Trustee for any reason or for no reason at the sole discretion of the Grantor.

24. After the death of the Grantor, the Qualified Beneficiaries may, by unanimous vote of all of the Qualified Beneficiaries, remove a Trustee for any reason or for no reason at the sole discretion of the Qualified Beneficiaries.

25. At any time after the death or disability of the Grantor, a Trustee or a Beneficiary may apply to a court of competent jurisdiction to remove a Trustee. A Trustee may also be removed by the court on the court's own initiative.

### Trustee Replacement

26. At any time where the Grantor is alive and not incapacitated and where a Trustee has been removed, died, resigned or is no longer able to act as Trustee for any reason, a replacement Trustee may be appointed by the Grantor.

27. Where the Grantor is dead or incapacitated, and where a Trustee has been removed, died, resigned or is no longer able to act as Trustee for any reason, and where a replacement Trustee is deemed necessary by the remaining acting Trustee, a replacement Trustee may be appointed by a majority vote of all acting Trustees still able and authorized to act.

28. Where the Grantor is dead or incapacitated, and where the Living Trust is left with no Trustee, a replacement Trustee may be appointed by a unanimous vote of the Qualified Beneficiaries.

### Trustee Powers

29. Powers granted to an acting Trustee of this Living Trust include, but are not limited to, the Following: a. The Trustee will have the same rights and obligations to manage the Property as if the Trustee were the owner of the Property.
b. After the death of the Grantor, the Trustee will have the power to appoint one or more individuals or institutions to act as co-Trustee where it is deemed reasonable and in the best overall interest of this Living Trust.
c. The Trustee may employ and rely on the advice of experts including, but not limited to, legal counsel, accountants and investment advisors to help in the management of the Property where that hiring is deemed reasonable and in the best overall interest of this Living Trust.
d. The Trustee may retain, exchange, insure, repair, improve, sell or dispose of any and all personal property belonging to this Living Trust as the Trustee deems reasonable and in the best overall interest of this Living Trust, without liability for loss or depreciation.
e. The Trustee may invest, manage, lease, rent, exchange, mortgage, sell, dispose of or give options without being limited as to term and to insure, repair, improve, or add to or otherwise deal with any and all real property belonging to this Living Trust as the Trustee deems reasonable and in the best overall interest of this Living Trust, without liability for loss or depreciation.

* E RECORDING * Page 6 of 10 Sequence No. 20223460444

f. The Trustee may maintain, continue, dissolve, change or sell any business which is part of this Living Trust, or purchase any business on behalf of this Living Trust, as the Trustee deems reasonable and in the best interest of this Living Trust.

g. The Trustee may purchase, maintain, convert and liquidate investments or securities, at reasonable risk, and for the purpose of generating income and growth, and vote stock in person or by proxy, or exercise any option concerning any investments or securities, as the Trustee deems reasonable and in the best overall interest of this Living Trust, without liability for loss or depreciation.

h. The Trustee may open or close bank accounts wherever reasonable and in the best interest of this Living Trust.

i. The Trustee may invest and reinvest the assets of this Living Trust, at reasonable risk, for the purpose of generating income and growth, as the Trustee deems reasonable and in the best overall interest of this Living Trust, without liability for loss or depreciation.

j. The Trustee may hold un-invested cash and unproductive property where it is reasonable and in the best interest of this Living Trust to do so including, but not limited to, for the purpose of protecting the capital and principal of this Living Trust.

k. The Trustee may lend funds to any borrower where the loan is adequately secured by sufficient collateral and where the loan is reasonable and in the best overall interest of this Living Trust.

l. The Trustee may borrow funds from any lender and mortgage or otherwise encumber any asset belonging to this Living Trust where the loan is reasonable and in the best overall interest of this Living Trust.

m. The Trustee may maintain, settle, abandon, sue or defend, or otherwise deal with any claim where it is reasonable and in the best interest of the Living Trust to do so.

n. Where there are no other resources available, and where the Trustee is compelled to do so, the Trustee may resolve any legally enforceable debts, taxes, reasonable funeral expenses, burial expenses and any expenses related to the final illness of the Grantor out of the resources of this Living Trust.

o. The Trustee may make the Final Distribution in any combination of cash and property. Property selection and valuation in the course of the Final Distribution will be made in the good faith discretion of the Trustee and will be binding on all Beneficiaries.

30. It is incumbent on the Trustee to act as fiduciaries, in good faith and in the best interest of the Living Trust.

31. All decisions of the acting Trustee, made in good faith, regarding the management of this Living Trust will be final and binding on all parties.

32. The above authority and powers granted to the Trustee are in addition to any powers and elective rights conferred by state or federal law or by other provision of this Living Trust and may be exercised as often as required, and without application to or approval by any court.

**Trustee Compensation**

33. Any Trustee who is not a Beneficiary of this Living Trust will receive reasonable compensation out of the resources of this Living Trust for services rendered. A Trustee who is also a Beneficiary under this Living Trust will serve without compensation.

**Trustee Expenses**

34. A Trustee is entitled to be reimbursed out of the income and property of this Living Trust for any and all expenses, including interest where appropriate, where the expense is reasonably and properly incurred in the management of this Living Trust.

**Spendthrift Clause**
35. No Beneficiary of this Living Trust will have the power to transfer, sell, assign, or otherwise encumber any assets or property held by this Living Trust prior to the Final Distribution by the acting Trustee. Similarly, the right of distribution held by any Beneficiary under this Living Trust agreement will not be subject to judicial encumbrance prior to the Final Distribution by the acting Trustee.

**Tax Identification**
36. For tax purposes, this Revocable Living Trust will be identified by the Employer Identification Number during the lifetime of the Grantor along with Social Security Number if necessary to identify grantor.

**Homestead Tax Exemption**
37. If the principal residence of the Grantor is held within this Revocable Living Trust, the Grantor maintains the right to possess and inhabit the residence without rent and charge-free, for the duration of their lifetime. This is intended for the purpose of giving the Grantor a beneficial interest and possessor rights in the residence and to ensure that the Grantor does not lose any eligibility for a state homestead tax exemption that they would otherwise qualify for.

**Vote of Minor or Adult Dependent Beneficiaries**
38. Where a Beneficiary is a Minor or Adult Dependent Beneficiary and a vote, consent, or decision of the Qualified Beneficiaries is required, then the parent, custodian or guardian for that Minor or Adult Dependent Beneficiary, acting in the best interest of that Minor or Adult Dependent Beneficiary, will be allowed to take the place of that Minor or Adult Dependent Beneficiary for the purpose of that vote, consent, or decision.

**Termination of Trust**
39. This Living Trust will terminate where the Property of this Living Trust is exhausted through distributions.
40. In the event that the acting Trustee concludes that the value of the Property is insufficient to justify the cost of administration and that the aggregate value of the Property is less than the value of land resource value the acting Trustee may terminate this Living Trust after providing notice to the Qualified Beneficiaries. Where this Living Trust is terminated under this section, the acting Trustee will distribute the Property in a manner consistent with and as described in the distributions sections of this Living Trust.

**Abstract of Trust**
41. The acting Trustee may execute an abstract of this Living Trust (the "Abstract of Trust") and may present the Abstract of Trust to a financial institution as proof of the existence of this Living Trust. The Abstract of Trust should not contain full details of the property holdings of the Living Trust nor should it name all of the Beneficiaries of the Living Trust. Any person who is

presented with an Abstract of Trust with regard to this Living Trust will be held harmless for relying on the Abstract of Trust.

### Governing Law
42. This Living Trust will be governed in accordance with the laws of the Universe as its highest and the laws of equity at its lowest.

### Severability
43. If any provisions of this Living Trust are deemed unenforceable, the remaining provisions will remain in full force and effect.

### Definitions
44. For the purpose of this Living Trust the following definitions will apply:
a. "acting Trustee" means any Trustee who is currently serving as a trustee of this Living Trust.
b. "Adult Dependent Beneficiary" means an adult beneficiary who is unable to manage their own financial affairs by reason of mental or other disability.
c. "age of majority" means the age of majority of the jurisdiction where a beneficiary ordinarily resides.
d. "incapacity" or "incapacitated" means when a person is unable to manage their own financial affairs by reason of mental or other disability.
e. "Minor Beneficiary" means a beneficiary who is under the legal age of majority.
f. "Trustee" means any Primary Trustee or Successor Trustee as well as any replacement or additional trustee appointed for this Living Trust.
g. "Qualified Beneficiary" means any beneficiary that is then entitled to a benefit under this Living Trust.

IN WITNESS WHEREOF, the parties hereto have signed their names on this 1st day of December in Lanoka Harbor, New Jersey, declaring and publishing this instrument as the Grantor's Living Trust, in the presence of the undersigned witnesses, who witnessed and subscribed this Living Trust in the presence of the parties hereto.

_____ MICHAEL PATRICK SIANO (Grantor)        [Seal]
_____ Courtney DeBenedetto (Trustee)
_____ Lucas Patsy Siano (Trustee)

SIGNED AND DECLARED by the above parties on the 1st day of December, 2022 to be the Grantor's Living Trust, in our presence, in Lanoka Harbor, New Jersey, in their presence, all being present at the same time, have signed our names as witnesses. **Executed without the UNITED STATES, We declare under penalty of perjury under the laws of the united states of America that the foregoing is true and correct. Without Prejudice, UCC 1-308.**

Witness #1 Signature _Filomena Siano_
Witness #1 Name (Please Print) _Filomena Siano_
Witness #1 Street Address _329 Westbrook Dr_
Witness #1 City/State _Toms River NJ_

Witness #2 Signature _Thomas_
Witness #2 Name (Please Print) _Thomas J Siano_
Witness #2 Street Address _229 West Brook Dr_
Witness #2 City/State _Toms River NJ_

Witness #3 Signature _Bradley R Lavinson Jr_
Witness #3 Name (Please Print) _Bradley R Lavinson Jr._
Witness #3 Street Address _99 Susan St._
Witness #3 City/State _Toms River NJ_

We certify that the foregoing is true, correct, and is not misleading. The truth, the whole truth and nothing but the truth. **Deuteronomy 19:15-21** "One witness shall not rise up against a man for any iniquity, or for any sin, in any sin that he sinneth: at the mouth of two witnesses, or at the mouth of three witnesses, shall the matter be established."

**1 Timothy 6:17** "Charge them that are rich in this world, that they be in uncertain riches, but in the living God YAHWEH, who giveth us richly all things to enjoy."

**Exodus 31:3** "And I have filled him with the spirit of God YAHWEH, in wisdom, and in understanding, and in knowledge, and in all manner of workmanship.

Schedule A

The Grantor assigns, conveys and delivers to this Living Trust, all of the rights, title and interest, tangible or intangible, to any and all properties, real or personal:
1. All tangible and intangible assets of the MICHAEL PATRICK SIANO (including all derivations of the name/title) along with MICHAEL PATRICK SIANO TRUST.
2. Any and all Intellectual Property created in both the past, present, or future in the name MICHAEL PATRICK SIANO. along with MICHAEL PATRICK SIANO TRUST.

**NOTORIETY PAGE IN THE UNITED STATES UNDER PENALTY OF PERJURY
U.S. PERSON IDENTIFICATION.**

MICHAEL PATRICK SIANO, GRANTOR ALL RIGHTS RESERVED AND RETAINED

_____
Michael-Patrick: Siano,                    Agent

### Notice

Using a notary on this document does not constitute any adhesion, nor does it alter my status in any manner. The purpose for notary is verification and identification only and not for entrance into any foreign jurisdiction, a benefit for minors and the incompetent whom I anticipate may become knowledgeable in the truth for the Law by our forefathers/foremothers and rise, so they will no longer be alienated from their true culture and Creator.

### Jurat

__Ocean__ County

__New Jersey__ State

] ss

Subscribed and affirmed before me this __1st__ day for the __December__ month in the year, Two Thousand and Twenty Two, A.D.

__Nicole Cioppa__
Notary

Address of Notary __1077 Torremolinos Ct__
__Toms River, NJ  08753__

My Notary Expires __10/3/2024__

Seal

NICOLE CIOPPA
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 10/3/2024

**Public Service Center Building**
240 N. Stone Ave., 1st Floor
Tucson, AZ 85701

**Doc. Recording:** (520) 724-4350
**Voter Registration:** (520) 724-4330



**PIMA COUNTY**
RECORDER'S OFFICE

**Mailing Address:**
PO Box 3145
Tucson, AZ 85702-3145

**Social:** @PimaRecorder
**Web:** recorder.pima.gov

GABRIELLA CÁZARES-KELLY, Recorder

The foregoing instrument is a full, true and correct copy of the original record in this office.

Sequence #: 2022346044    # of Pages: 10

Docket # N/A

Starting Page#: N/A    Ending Page #: N/A

GABRIELLA CÁZARES-KELLY, County Recorder
In and for the County of Pima, State of Arizona

By: Ken Kastenhuber

_____    DECEMBER 14, 2022
Deputy Recorder    Date

Form May 14, 2004
REVISED January 4, 2021