NANCY ISAACSON, ESQ. (NI/1325)
Greenbaum, Rowe, Smith & Davis LLP
75 Livingston Avenue
Roseland, NJ  07068-3701
(973) 535-1600
Attorneys for Nancy Isaacson,
  Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE  : | |
| : | Chapter 7 |
| MICHAEL P. SIANO,  : | |
| : | Case No.  22-17381 |
| Debtor.  : | |
| | Hearing date: April 18, 2023 at 10:00 am |

**OPPOSITION TO MOTION TO RESUME AUTOMATIC STAY SETTLE AND CLOSE THE BALANCE OF THE BOOKS NOTICE OF TERMINATION OF CHAPTER 7 TRUSTEE**

Nancy Isaacson, of full age, certifies as follows:

1.  I am the Chapter 7 Trustee (the "Trustee") in the captioned matter.  I was appointed as the Chapter 7 Trustee on January 23, 2023.

2.  I make this Certification in Opposition to Debtor's Motion to Resume Automatic Stay Settle and Close the Balance of the Books Notice of Termination of Chapter 7 Trustee (the "Motion").

3.  Debtor filed for relief under Chapter 13 of the U.S. Bankruptcy Code on September 16, 2022 (the "Petition").  Subsequently, Debtor voluntarily converted to Chapter 7 on January 23, 2023.

4. In his Petition, Debtor listed his assets and on October 11, 2022, Debtor Amended his Petition to include real property located at 102 Haines Street East, Lanoka Harbor, NJ (the "Property"). The assets listed in Debtor's Schedules are property of the bankruptcy estate.

5. On January 25, 2023, Debtor Amended Schedule D to include the secured debt owed to M&T Bank in the amount of $253,431.24 relating to the Property.

6. M&T Bank, Secured Creditor ("M&T"), filed a Motion for Relief from Stay on December 15, 2022. M&T also filed a proof of claim on October 19, 2022 for pre-petition arrears of the mortgage on the Property in the amount of $253,431.24. Ultimately, an Order Granting M&T's Motion for Relief from Stay was entered by the Court on March 7, 2023 and the Debtor objected to said Order on March 20, 2023.

7. On March 13, 2023, I objected to Debtor's exemption of the Chevy Silverado, because Debtor failed to set forth with requisite specificity the law that allows the exemption upon which he relies in connection with the exemption claimed.

8. On April 4, 2023, the Court entered a docket note sustaining the objection and striking the exemption: " ==Minute of 4/4/2023 OUTCOME: OBJECTION SUSTAINED; EXEMPTION IN THE CHEVY SILVERDO IS STRIKEN.=="

9. Since my appointment on January 23, 2023 as the chapter 7 trustee for this debtor, I have conducted the 341 meeting, commenced review of the documents I requested from debtor and have begun identifying assets to liquidate (i.e. the Chevy Silverado) for the benefit of the estate as required by 11 U.S.C. § 704. I am hopeful that the Debtor will voluntarily turnover the vehicle for sale.

10. Further, the information contained in the documents produced by Debtor and the allegations Debtor makes in his Motion require investigation.

11. Clearly, the administration of this chapter 7 estate is at its inception.

12. For the foregoing reasons and because Debtor does not set forth in his Motion the factual reasons or legal basis to terminate me as his trustee or the legal basis, his Motion must be denied.

Dated:  April 11, 2023

/s/Nancy Isaacson
NANCY ISAACSON