| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c) | |
| NANCY ISAACSON, ESQ. (NI/1325)<br>**GREENBAUM ROWE SMITH & DAVIS, LLP**<br>75 Livingston Avenue, Suite 301<br>Roseland, NJ 07068-3701<br>(973) 535-1600<br>Attorney for Chapter 7 Trustee | |
| In Re: Michael Patrick Siano,<br><br>Debtor. | Case No. 22-17381 (KCF)O<br><br>**Chapter 7**<br><br>Hon. Kathryn C. Ferguson , U.S.B.J. |

**TRUSTEE'S RESPONSE TO DEBTOR'S MOTION TO DISMISS CASE AND FOR RECONSIDERATION OF THE ORDER APPROVING THE RETENTION OF AJ WILLNER AS AUCTIONEER**

Nancy Isaacson, Chapter 7 Trustee, responds to Debtor's Motion to Dismiss this case ("Dismissal Motion") (Doc. No. 117) and Motion for Reconsideration of the Order Approving the Retention of AJ Willner as Auctioneer ("Reconsideration Motion") (Doc. No. 122), and in support thereof, states as follows:

**Dismissal Motion**

1.  Debtor's Dismissal Motion is premised upon his Certification which states that he will pay the six (6) creditors who have filed claims in his case in full. Debtor further certifies that he is able to pay his creditors "due to new unforeseen circumstances." Trustee submits that debtor has failed to meet minimally what is necessary to warrant dismissal of his chapter 7 case.

2.  11 U.S.C. § 707 requires that a party in interest seeking dismissal of a chapter 7 case to present "cause." The party in interest here is the Debtor.

8483114.1

-2-

3.    Debtor does not set forth the legal basis for the dismissal of his chapter 7 case, describe the "new unforeseen circumstances" which warrants the dismissal, the source of the funds necessary to satisfy the creditors in full or propose to pay the costs incurred by the Trustee to administer the case to date if his Dismissal Motion is granted. These omissions warrant denial of the Dismissal Motion.

4.    Debtor's Amended Schedule B (Doc. No. 22) values his bank accounts and IRA at $0.00.

5.    Debtor's Amended Schedule I indicates monthly income of $3000 with $2970 in expenses listed on Schedule J leaving no funds with which to pay the unsecured creditors.

6.    Debtor has simply failed to show how he can pay his creditors to warrant dismissal under 11 U.S.C. § 707.

**Reconsideration Motion**

7.    Similarly, Debtor's Reconsideration Motin must also be denied.

8.    On March 13, 2023, Trustee filed an objection to the exemption for the Chevrolet Silverado (Doc No. 93) ("Objection").

9.    On March 13, 2023, the Clerk of the Bankruptcy court made the following notation on the docket: Notice of Hearing for: Objection to Debtor's Claim of Exemptions. (related document: 92 Objection to Debtor's Claim of Exemptions filed by Nancy Isaacson). The following parties were served: Debtor, Debtor's Attorney, Trustee, and US Trustee. Hearing scheduled for 4/4/2023 at 10:00 AM at KCF - Courtroom 2, Trenton. (ghm) (Entered: 03/13/2023).

10.    On March 15, 2023, a Certification of Service (Doc No. 94) was filed on behalf of the trustee stating that Debtor was served with the Objection by regular mail.

11.    On April 11, 2023, the Bankruptcy Court sustained Trustee's Objection to Debtor's exemption of the Chevrolet Silverado.

12. To date, Debtor has not amended Schedule C to assert a proper exemption for the Chevrolet Silverado.

13. As a result of the court sustain the Objection, on March 11, 2023 Trustee filed an Application to Retain AJ Willner as her Auctioneer (Doc. No. 104) to conduct a public sale of the Chevrolet Silverado. (Doc No. 110). The docket reflected that objections were due April 18, 2023:

Application For Retention of Professional A.J. Willner Auctions as Auctioneer Filed by Nancy Isaacson on behalf of A.J. Willner Auctions, LLC. Objection deadline is 4/18/2023. (Attachments: # 1 Certification # 2 Statement as to Why No Brief is Necessary # 3 Proposed Order) (Isaacson, Nancy) (Entered: 04/11/2023).

14. It is incumbent upon the Debtor to monitor his chapter 7 case. He was given proper notice of the Objection and failed to take any action to respond. His statement that he "had no knowledge the hearing was to be held on the 4th of April" verifies that he did not monitor his bankruptcy case. Since there were no objections to the Retention Application, the Order Approving the retention of Willner was entered on April 18, 2023 (Doc. No. 110).

15. Debtor was given notice by the Trustee of the Exemption Objection and Retention Application. It was Debtor's responsibility to monitor his case docket and take note of the documents with which he was served. Debtor has given no reason why he should be relieved of that responsibility. The Reconsideration Motion should be summarily denied.

**NANCY ISAACSON, CHAPTER 7 TRUSTEE**

Dated: May 16, 2023            By:     */s/ Nancy Isaacson*
                                       Nancy Isaacson, Esq.